The STATE of Texas, Appellant,

v.

Jesse Edward HANCOCK, Appellee.

No. 10–99–290–CR.

Court of Appeals of Texas,
Waco.

Dec. 13, 2000.

John W. Segrest, McLennan County Crim. Dist. Atty., James Wiley, McLennan County Asst. Dist. Atty., Waco, for appellant.

Susan N. Kelly, Law Office of Susan N. Kelly, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### MEMORANDUM OPINION

PER CURIAM.

Jesse Edward Hancock was arrested and formally charged by an information with the offense of keeping a gambling place. *See* TEX.PEN.CODE ANN. § 47.04 (Vernon 1994). At a pretrial hearing, Hancock urged that controlling statutes are unconstitutionally vague to give him notice of this prohibited conduct. When the trial court agreed and dismissed the information, the State appealed. Following a recent opinion of one of our sister courts, we find that the trial court erred. We reverse the order dismissing the information and remand the cause to the trial court for further proceedings.

### BACKGROUND

The information alleged that Hancock, in McLennan County, Texas, "did then and

there knowingly use a building as a gambling place, namely, a place used for playing 8–liners and slot machines, and said property was owned by Jesse Edward Hancock the defendant...." A person commits this offense if he knowingly uses or permits another to use as a gambling place any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by him or under his control, or rents or lets any such property with a view or expectation that it be so used. *Id.* § 47.04(a).

A gambling place means any real estate, building, room, tent, vehicle, boat, or other property whatsoever, one of the uses of which is: (1) the making or settling of bets; (2) bookmaking; (3) the conducting of a lottery; or (4) the playing of gambling devices. *See* TEX. PEN.CODE ANN. § 47.01(3) (Vernon Supp.2001).

At the pretrial hearing, Hancock argued that because the information charged that his "gambling place" was "a place used for playing 8–liners and slot machines," the State necessarily had to prove that the 8–liners and slot machines were "gambling devices ." However, according to Hancock, Penal Code section 47.01(4)(B) [1], which defines a gambling device, is unconstitutionally vague as applied to him. *Id.* § 47.01(4)(B). After the hearing, the trial court signed a written order finding that "Section 47.01(4) and Section 47.04 of the Texas Penal Code contain language that is too vague to [apprize] a Defendant of the conduct proscribed therein, and that those sections of the Penal Code are therefore unconstitutional." The State appealed.

TEX.CODE CRIM. PROC. ANN. art. 44.01(a) (Vernon Supp.2001).

## DISCUSSION

The Third Court of Appeals, in *State v. Wofford,* recently addressed whether section 47.01(4)(B) is constitutional, under circumstances similar to those presented in this appeal. *State v. Wofford,* 34 S.W.3d 671, 674, (Tex.App.—Austin 2000, no pet. h.). The Austin court applied a two-pronged test for challenges for vagueness: (1) whether an ordinary, law-abiding person receives sufficient information from the statute that his conduct risks violating the criminal law; and (2) whether the statute in question provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. *Id.* at 676 – 678. The court determined that section 47.01(4)(B) is constitutional and remanded the causes to the trial court. *Id.*

We will follow *Wofford.* Thus, for the reasons stated by the Third Court of Appeals, we hold that the trial court erred when it found section 47.01(4)(B) to be unconstitutionally vague.

Although it is not clear from the record, we perceive that the trial court's ruling that section 47.04 "contain[s] language that is too vague to [apprize] a Defendant of the conduct proscribed therein" is based upon its belief that section 47.01(4)(B) is defective. The information charged that Hancock's "gambling place" was "a place used for playing 8–liners and slot machines." As a result, the State would have to prove that the 8–liners and slot ma-

---

1. "Gambling device" means any electronic, electromechanical, or mechanical contrivance not excluded under Paragraph (B) that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance. The term:

. . .

(B) does not include any electronic, electro-mechanical, or mechanical contrivance de-

signed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with non-cash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.
TEX. PEN CODE ANN. § 47.01(4)(B) (Vernon Supp.2001).

chines were "gambling devices." *See* Tex. Pen.Code Ann. § 47.01(3). The trial court's ruling that 47.01(4)(B), which defines gambling devices, was unconstitutionally vague, necessarily tainted section 47.04 as it applied to Hancock. On that basis, section 47.04 was likewise held unconstitutional.

■ The "constitutionality of a statute is not to be determined in any case, unless such a determination is absolutely necessary to decide the case in which the issue is raised." *Turner v. State,* 754 S.W.2d 668, 675 (Tex.Crim.App.1988). For this reason, we decline to address the propriety of the trial court's ruling that section 47.04 "contains language that is too vague." *Id.*

Because we agree with and follow an earlier ruling of the Third Court of Appeals that section 47.01(4)(B) is not unconstitutionally vague as applied to the prosecution of "eight-liners," we hold that the trial court erred in dismissing the information. We reverse the order dismissing the information and remand the cause to the trial court for further proceedings.