Paula Wright Hermey, Frank Azzuro and Lucky Sunshine v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-263-CV

     PAULA WRIGHT HERMEY
     D/B/A MS. P'S VIDEO EMPORIUM,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

No. 10-99-264-CV

     FRANK AZZURO
     D/B/A GOLD RUSH ARCADE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

No. 10-99-265-CV

     LUCKY SUNSHINE, INC.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court Nos. C9900057 & C9900059
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      The State sought to forfeit “eight-liner” machines and other property seized from several
Johnson County establishments in the course of a gambling investigation. After a show-cause
hearing, the court found that the seized property constitutes gambling devices, gambling
paraphernalia, or gambling proceeds and ordered that this property be forfeited to the State. Three
of the participants in the hearing appealed.



      Paula Wright Hermey, doing business as Ms. P’s Video Emporium, Frank Azzurro, doing
business as Gold Rush Arcade, and Lucky Sunshine, Inc. (collectively, “Appellants”) contend in
three points that: (1) section 47.01(4) of the Texas Penal Code which defines the term “gambling
device” is unconstitutionally vague; (2) the eight-liners seized in these cases are not gambling
devices because they fit within the statutory exception provided by section 47.01(4)(B); and (3)
the court erred by failing to quash the search warrants utilized in these cases because the facts
stated in the affidavits on which they were based were not within the affiants’ personal knowledge
and do not otherwise show probable cause.
      The procedural and factual background of these cases is virtually identical to that presented
in Hardy v. State. No. 10-99-336-CV, slip op. at 2-3 (Tex. App.— Waco June 27, 2001, no pet.
h.). In fact, the trial court heard these cases and the Hardys’ case in a consolidated hearing. In
sum, the evidence establishes that a player could exchange tickets won from play on an eight-liner
for gift certificates or for play on another machine. To exchange tickets for re-play on another
machine, a player presented his tickets to the attendant who placed the money in the device of the
player’s choice.
VAGUENESS
      Appellants contend in their first point that section 47.01(4) of the Penal Code, which defines
the term “gambling device,” is unconstitutionally vague.
      However, this Court has recently determined section 47.01(4) is not unconstitutionally vague. 
See State v. Hancock, 35 S.W.3d 199, 200 (Tex. App.—Waco 2000, no pet.) (per curiam) (citing
State v. Wofford, 34 S.W.3d 671 (Tex. App.—Austin 2000, no pet.)). Appellants’ vagueness
arguments do not differ appreciably from those raised by the property owners in Wofford (on
which we relied in Hancock). See Wofford, 34 S.W.3d at 680-81. Accordingly, we overrule
Appellants’ first point.
GAMBLING DEVICE/PARAPHERNALIA
      Appellants aver in their second point that the uncontroverted evidence establishes that the
seized eight-liners are not gambling devices because they fall within the statutory exclusion
provided by section 47.01(4)(B) of the Penal Code.


 However, we have recently determined that
eight-liners which reward players with tickets exchangeable for gift certificates or money to play
on other machines do not fit within this statutory exclusion because they reward players with
“cash.” See Hardy, No. 10-99-336-CV, slip op. at 12-13; but see State v. One Super Cherry
Master Video 8-Liner Machine, No. 03-99-751-CV, slip op. at 9-11, 2001 Tex. App. LEXIS
3891, at *13-16 (Tex. App.—Austin June 14, 2001, no pet. h.) (State failed to prove as a matter
of law that tickets dispensed by machines operated in a similar manner were not exchangeable for
“noncash merchandise”). The undisputed evidence establishes that the eight-liners seized from
Appellants operated in this manner. Therefore, we overrule Appellants’ second point.
AFFIDAVITS
      Appellants argue in their third point that the court erred by failing to quash the search
warrants utilized in these cases because the facts stated in the affidavits on which they were based
were not within the affiants’ personal knowledge and do not otherwise show probable cause.
      The affidavits at issue both exceed ten pages in length. Section 4 of the affidavits details the
facts on which the affiants relied to show probable cause for issuance of the requested search
warrants. The first six pages of facts recited in the Hermey affidavit and the first seven pages of
facts recited in the Gold Rush affidavit detail the affiants’ participation in approximately ten years
of DPS investigations, including those for “gambling-related offenses.”


 The affiants both
testified in the forfeiture hearing that they did not have personal knowledge of all the facts recited
with respect to the ten-year investigatory period. However, none of the facts recited therein refer
to Ms. P’s or Gold Rush.
      Following these initial recitations, the affiants set forth the specific facts pertinent to their
investigation of Ms. P’s and Gold Rush. The facts stated with reference to the investigation of
these two establishments largely correspond to the testimony set out above regarding the operation
of these businesses. Appellants do not challenge the veracity of the specific facts recited with
respect to Ms. P’s and Gold Rush.
      Appellants cite Franks v. Delaware for the proposition that, if an affidavit offered in support
of a search warrant contains false statements made intentionally or with reckless disregard for the
truth, the warrant must be quashed and its fruits excluded if the remainder of the allegations in the
affidavit do not suffice to establish probable cause. 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676,
57 L. Ed. 2d 667 (1978); see also Hinojosa v. State, 4 S.W.3d 240, 246-47 (Tex. Crim. App.
1999).
      We have already determined that the undisputed evidence shows that the eight-liners constitute
gambling devices. This is substantially the same evidence on which the affiants relied to obtain
the challenged search warrants. Therefore, even disregarding the factual recitations made with
reference to the ten-year investigatory period, we conclude that the remainder of the facts set forth
in the affidavits suffice to show probable cause for the issuance of the search warrants. See id. 
Accordingly, we overrule Appellants’ third point.
      We affirm the forfeiture orders.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Affirmed
Opinion delivered and filed July 5, 2001
Do not publish



="font-size: 12pt">      The State went on to establish that, although Thornton did initially receive probation, it was
revoked and he was sent to prison for aggravated sexual assault with a deadly weapon. Thornton
continued to deny committing the offense, at which time the State asked Thornton if he
“remembered” various facts of the crime. Thornton answered “no.”
      A defendant who testifies at trial places his credibility at issue and may be impeached and
contradicted like any other testifying witness. White v. State, 21 S.W.3d 642, 646 (Tex.
App.—Waco 2000, pet. ref’d) (citing Harper v. State, 930 S.W.2d 625, 630-31 (Tex.
App.—Houston [1st Dist.] 1996, no pet.); Booker v. State, 929 S.W.2d 57, 65 (Tex.
App.—Beaumont 1996, pet. ref'd)). If he creates a false impression about his propensity for
committing criminal acts, he opens the door for rebuttal evidence. Delk v. State, 855 S.W.2d 700,
704 (Tex. Crim. App. 1993). The trial court did not commit error in allowing the State to
question Thornton about his prior conviction. Issue two is overruled.
      Having overruled each issue presented, we affirm the judgment.
 
BOBBY L. CUMMINGS
                                                                       Justice

Before Chief Justice Davis
          Justice Gray, and
          Justice Cummings (retired)
Affirmed 
Opinion delivered and filed February 28, 2001
Do not publish