**Sonya LETSON, Potter County Attorney and Marshall Caskey, Commander of The Special Crimes Service of the Texas Department of Public Safety, Appellants,**

v.

**Lanae BARNES, d/b/a Gold Rush, Molly K. Brucker, d/b/a Bill's Amusement Games and Amarillo Amusement Company, And Lowell H. Stapf, d/b/a 11th Street Amusement Center, Appellees.**

No. 07–98–0264–CV.

Court of Appeals of Texas, Amarillo.

Nov. 4, 1998.

Rehearing Overruled Dec. 3, 1998.

---

Potter County Attorney's Office, C. Scott Brumley, Amarillo, Attorney General of Texas, Dan Morales, Jorge Vega, Drew T. Durham, Ann Kraatz, W. Reed Lockhoof, Meredith L. Kennedy, Austin, for appellants.

Law Offices of Stephen Fenoglio, Stephen Fenoglio, Austin, Law Offices of Bob McClendon, Bob McClendon, Law Offices of Joe W. Jernigan, Joe W. Jernigan, Amarillo, for appellees.

Before BOYD, C.J., and DODSON and QUINN, JJ.

QUINN, Justice.

Lanae Barnes, d/b/a Gold Rush, Molly K. Brucker, d/b/a Bill's Amusement Games and Amarillo Amusement Company, and Lowell H. Stapf, d/b/a 11th Street Amusement Center (collectively referred to as Barnes), brought suit seeking injunctive relief against various law enforcement officials including Sonya Letson (Letson), the Potter County Attorney, and Marshall Caskey (Caskey), the commander of the Special Crimes Service of the Texas Department of Public Safety. Following a hearing, the 47th District Court of Potter County temporarily enjoined Letson and Caskey from seizing, confiscating, forfeiting, or initiating forfeiture proceedings against any of Barnes' "8–Liner" machines for which the state occupation tax had been paid. Letson and Caskey appeal, contending that the court lacked jurisdiction to issue the injunction, that the injunction is an unconstitutional suspension of law, and that the court abused its discretion in issuing the injunction without first hearing evidence. We reverse.

### Background

The Barnes parties own various businesses in Amarillo, Potter County, Texas, that make electronic amusement machines known as "8–Liners" available for public play. Barnes describes 8–Liners as video games utilizing symbols "on a 3x3 matrix similar to a tic-tac-toe board." Like tic-tac-toe, players win if certain combinations of symbols align in any of eight possible rows, columns, or diagonals.

Barnes filed the present suit on May 22, 1998 seeking declaratory and injunctive relief against Letson and Caskey, both individually

and in their official capacities, and other officials who are no longer parties to the cause. At the heart of the suit lies the claim that Letson and Caskey are improperly interpreting section 47.01, *et seq.*, of the Texas Penal Code (a penal provision addressing gambling) and attempting to enforce their misinterpretation via criminal prosecution and forfeiture. According to Barnes, 8–Liners fall within an exemption to the statute prohibiting gambling. Consequently, a request was made upon the trial court to interpret section 47.01 of the Texas Penal Code and declare that the use of 8–Liners does not contravene the penal laws of the State. So too was the court asked to issue both temporary and permanent injunctive relief barring Letson and Caskey from "applying their own interpretation of the law."

On June 8, 1998, the trial court convened a hearing on Barnes' request for a temporary injunction. No evidence, testimonial or otherwise, was presented, although all counsel argued extensively. Nevertheless, an order was entered enjoining Letson and Caskey as described in the opening paragraph of this opinion.

### *Standard of Review*

 We review temporary injunctions under an abuse of discretion standard and may not modify or reverse them unless such an abuse is clearly shown. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993). An abuse of discretion exists where a court acts without reference to applicable guiding principles, *Sherrod v. Moore*, 819 S.W.2d 201, 202–203 (Tex.App.—Amarillo 1991, no writ), acts arbitrarily, *id.; Garth v. Staktek Corp.*, 876 S.W.2d 545, 548 (Tex.App.—Austin 1994, writ dism'd w.o.j.), or misinterprets or misapplies those guiding rules or the law. *Id.; 2300, Inc. v. City of Arlington*, 888 S.W.2d 123, 126 (Tex.App.—Fort Worth 1994, no writ).

 Additionally, the purpose of the temporary injunction is simply to preserve the status quo until a final hearing on the merits. *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex.App.—Amarillo

1995, no writ). A party is entitled to such protection when it demonstrates a probable injury and a probable right of recovery. *Garth v. Staktek Corp.*, 876 S.W.2d at 548. A probable right of recovery is proven by alleging a cause of action and presenting evidence that tends to sustain it. *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d at 597. Probable injury is proven through evidence of imminent harm, irreparable injury, and the lack of an adequate legal remedy. *Id.* As can be seen, both prongs contemplate the presentation of evidence of the ilk admissible in any evidentiary hearing. Indeed, temporary injunctions, unlike temporary restraining orders, cannot be founded simply upon sworn pleadings or affidavits. *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 685–87 (Tex.1968); *Rogers v. Howell*, 592 S.W.2d 402, 403 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

 Finally, in conducting its review, we must be chary against considering matters other than those integral to the temporary injunction. That is, an appeal of a temporary injunction is not a vehicle which imbues the court with jurisdiction to address interlocutory matters outside the scope of section 51.014 of the Texas Civil Practice and Remedies Code.[1] *Brown v. Gulf Coast Mach. & Supply Co.*, 551 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); *Jernigan v. Jernigan*, 467 S.W.2d 621, 625 (Tex.Civ.App.—Beaumont 1971, writ dism'd w.o.j.). Yet, to the extent that the subject matter of a the non-appealable interlocutory order may affect the validity of the appealable order, the non-appealable order may be considered. *Texas R.R. Comm'n v. Air Prods. & Chems., Inc.*, 594 S.W.2d 219, 221–22 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). This, therefore, permits us to address the issue of subject matter jurisdiction over the cause even though that topic is not within those enumerated under section 51.014 of the Civil Practice and Remedies Code. Indeed, it could be said that the absence of jurisdiction to adjudicate the cause could result in characterizing the court's decision to issue an injunction as an act of abused discretion. Simply put, if the court has no authority to act, it can hardly be said that the court's action is valid.

---

1. That provision specifies the few interlocutory orders from which appeal may be taken.

## Application of Standard

Several reasons are asserted as to why the court abused its discretion in issuing the injunction. The first concerns the absence of jurisdiction and the second, the absence of evidence to support the decision. We address each in that order.

## Absence of Jurisdiction

■ As depicted by their petition, Barnes merely claims that neither Letson nor Caskey may enforce against them a penal law prohibiting gambling, that is, section 47.01, et seq., of the Texas Penal Code, since 8–Liners fall within an exception to that law. Thus, suit was filed to obtain a declaration affirming the argument and an injunction prohibiting Letson and Caskey from pursuing them. Yet, before a civil court may construe a penal statute and enjoin its enforcement, the complainant must both attack the constitutionality of the provision and aver that its enforcement would irreparably injure vested property rights. State v. Morales, 869 S.W.2d 941, 945 (Tex.1994); Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 894 (Tex.1970); Passel v. Fort Worth Indep. Sch. Dist., 440 S.W.2d 61, 63 (Tex.1969), cert. denied, 402 U.S. 968, 91 S.Ct. 1667, 29 L.Ed.2d 133 (1971). If one or the other is not satisfied, then the trial court has no jurisdiction to enjoin the proceeding. Id.

■ Here, it may be that the court evinced an intent to forego interfering in prosecutions under section 47.01, et seq., by stating in its order that it "does not intend to, interfere with any arrest and/or prosecution which may be effected by ... Caskey and Letson." Nonetheless, the latter individuals were expressly prohibited from seizing or confiscating evidence pertinent or necessary to such a prosecution. That is, they were prevented from seizing the 8–Liners in question. One cannot reasonably dispute that the ability to seize evidence of a crime is an integral part of enforcing this State's criminal laws. Thus, we must conclude that the injunction issued below interfered with the ability of Letson and Caskey to enforce a penal statute. And, in so concluding, we recognize that the circumstances before us trigger application of Morales and its progeny.

Given the application of Morales, we next determine whether Barnes' live pleading satisfied both jurisdictional elements mentioned above. See McDuffie v. Blassingame, 883 S.W.2d 329, 334 (Tex.App.—Amarillo 1994, writ denied) (holding that jurisdiction is determined from the face of the petition). Again, not only must the complainant dispute the constitutionality of the penal statute in question but also claim that its enforcement would irreparably injure vested property rights. State v. Morales, supra; Texas Liquor Control Bd. v. Canyon Creek Land Corp., supra; Passel v. Fort Worth Indep. Sch. Dist., supra. And, though numerous allegations are asserted in the live pleading, we find none implicating the unconstitutionality of section 47.01, et seq., of the Penal Code. Indeed, Barnes simply wants us to interpret portions of that statute and declare that use of the 8–Liners does not constitute criminal activity thereunder. Thus, one of the two Morales elements has not been satisfied, and we must hold that the trial court had no jurisdiction to enjoin Letson or Caskey. Having no jurisdiction to enjoin them, the trial court also abused its discretion when it did.

Finally, to the extent that it had no authority to enter the injunction, the trial court likewise lacked the power to interpret section 47.01, et seq., and declare Barnes' rights thereunder. As said in Morales, "[a] civil court simply has no jurisdiction to render naked declarations of 'rights, status or other legal relationships under a penal statute.'" State v. Morales, 869 S.W.2d at 947, (quoting Malone v. City of Houston, 278 S.W.2d 204, 206 (Tex.Civ.App.—Galveston 1955, writ ref'd n.r.e.)). Thus, dismissal of the entire proceeding is appropriate.

## Failure to Hear or Take Evidence

■ Assuming arguendo that jurisdiction did exist, we would remain compelled to dissolve the injunction for another reason. That reason pertains to the absence of evidence supporting the trial court's action.

■ A party seeking a temporary injunction must present evidence of a probable injury and a probable right of recovery. Miller Paper Co. v. Roberts Paper Co., 901

S.W.2d at 597. This requirement is not satisfied by the mere tender to the court of sworn pleadings, affidavits, and legal argument, unless the parties agree otherwise. *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d at 687; *Rogers v. Howell*, 592 S.W.2d at 403. Here, the record is devoid of both evidence supporting the injunction and an agreement allowing the use of pleadings and affidavits in its stead. So, we again conclude that the court abused its discretion in issuing the temporary injunction.[2]

Accordingly, we reverse the order granting the temporary injunction, dissolve that injunction, and remand the cause to the trial court with instructions to dismiss it for want of jurisdiction.[3]

**2.** As to the appellees' contention that the insufficiency claim was not preserved because it was not raised below, we disagree. No predicate is required to preserve the argument that findings rendered in a non-jury trial are legally or factually insufficient. *Regan v. Lee*, 879 S.W.2d 133, 135 (Tex.App.—Houston [14th Dist.] 1994, no writ). Though the proceeding from which appeal was taken was not a trial, it was nonetheless a non-jury hearing requiring the issuance of factual findings. In effect, it was tantamount to a trial on the application for a temporary injunction and should be treated as such for purposes of preserving error. Thus, there was no need to present the dispute in question to the trial court.

**3.** The prohibition would also prevent the trial court from adjudicating the counterclaim of Letson and Caskey. Through that counterclaim, they seek a declaration that various provisions of section 47.01, *et seq.*, of the Texas Penal Code are unconstitutional but fail to claim that any vested property right is at risk. Thus, their allegations do not satisfy the jurisdictional prerequisites set forth in *Morales* either.