**Jody D. STERLING d/b/a L & J Amusement, Appellant,**

**v.**

**SAN ANTONIO POLICE DEPARTMENT; Bexar County District Attorney, Susan Reed; and The Bexar County District Attorney's Office, Appellees.**

**No. 04–02–00427–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 27, 2002.

Roland Gutierrez, Law Office of Roland Gutierrez, San Antonio, for appellant.

Deborah L. Klein, Gail A. Jensen, Assistant City Attorney, Litigation Division, Sue Ann Gregory, Assistant Criminal District Attorney, San Antonio, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's granting of appellees' pleas to the jurisdiction and appellees' motion to quash appellant's subpoena of an undercover police officer on the grounds that the court did not have jurisdiction to determine the enforcement of a penal statute criminalizing gambling. We agree that the trial court did not have jurisdiction and affirm the trial court's order granting the pleas to the jurisdiction. However, rather than deny appellant's application for a temporary injunction, the trial court should have dismissed it. Therefore, we vacate the trial court's order denying the application for a temporary injunction and dismiss the trial court cause.

## BACKGROUND

Appellant, Jody D. Sterling d/b/a L & J Amusement ("Sterling") is a distributor of eight-liner "Freespin Donation Acceptance Sweepstakes Terminals" ("eight-liners"). Sterling distributed eight-liners to Northwest Volunteer Fire Department, Atta Bexar Volunteer Fire Department, and Gardendale Volunteer Fire Department, which used the machines to raise money for their various needs. The fire departments kept the proceeds from their fundraising activities, but paid Sterling the costs of promotion.

On April 11, 2002, the San Antonio Police Department ("SAPD") raided Sterling's facilities and seized 159 eight-liners, approximately $35,000, computers, printers, and other office equipment. The SAPD did not seize proceeds from the fundraising activities of the various fire departments. On April 17, 2002, Sterling filed an original petition, application for temporary restraining order, permanent injunction, and declaratory judgment, seeking relief on the following grounds: (1) the eight-liners are not "gambling devices" as defined by Penal Code section 47.01 [1]; (2) his activities were legal

1. Section 47.01 defines "gambling device" to    mean:

"sweepstakes" under Business and Commerce Code chapter 43; and (3) Penal Code section 47.01 is unconstitutionally vague. Sterling also subpoenaed an undercover police officer. The appellees filed pleas to the jurisdiction and a motion to quash the subpoena. The trial court granted the pleas to the jurisdiction and the motion to quash, and denied Sterling's application for temporary injunction.

## TRIAL COURT'S JURISDICTION

In their pleas to the jurisdiction, the appellees argued that the civil court had no jurisdiction to declare a penal statute unconstitutional and to prevent the SAPD or the Bexar County District Attorney's Office from investigating and prosecuting criminal offenses under Penal Code chapter 47 (entitled, "Gambling"). We agree.

■ Ordinarily, the validity of a penal statute should be determined by courts exercising criminal jurisdiction. *State v. Morales,* 869 S.W.2d 941, 945 (Tex.1994). However, there are four types of cases in which a party may seek relief from a civil court based on the alleged unconstitutionality of a penal statute, two of which apply

here: (1) the statute is enforced and the party is being prosecuted, or (2) the statute is enforced and the threat of prosecution is imminent, although the party has yet to be prosecuted. *Morales,* 869 S.W.2d at 944-45 (considering constitutional challenge to Texas sodomy law). In the context of these two categories, a civil court has jurisdiction to construe a penal statute and enjoin its enforcement when the enforcement of an unconstitutional statute threatens irreparable injury to vested property rights. *Id.* at 942, 945. Thus, under *Morales,* a plaintiff such as Sterling must, first, challenge the constitutionality of the penal statute, and second, prove irreparable injury to a vested property right.

■ In his pleadings, Sterling asked for a declaration that his eight-liners were not "gambling devices" under section 47.01 based on three arguments: (1) his activities did not constitute illegal gambling because the fire departments received "donations" in exchange for people playing the eight-liners, thus there was no "consideration" as required by section 47.01;[2] (2) the State's reading of section 47.01 to in-

---

any electronic, electromechanical, or mechanical contrivance not excluded under Paragraph (B) that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance. The term:

(A) includes, but is not limited to, gambling device versions of bingo, keno, blackjack, lottery, roulette, video poker, or similar electronic, electromechanical, or mechanical games, or facsimiles thereof, that operate by chance or partially so, that as a result of the play or operation of the game award credits or free games, and that record the number of free games or credits so awarded and the cancellation or removal of the free games or credits; and

(B) does not include any electronic, electromechanical, or mechanical contrivance de-

signed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.

Tex. Penal Code Ann. § 47.01(4)(A), (B) (Vernon Supp.2002).

2. At the hearing on Sterling's request for declaratory and injunctive relief, two witnesses from two of the fire departments stated their fire department received all the proceeds from the fundraising, but they said they did not know the amount of gross receipts or how much was paid to Sterling.

clude games not requiring consideration rendered the statute unconstitutionally vague as applied; and (3) his activities were legal under the "sweepstakes law" of the Business and Commerce Code. Sterling asked the trial court to enjoin the SAPD and Bexar County District Attorney's Office from investigating and prosecuting him under Penal Code chapter 47.

■ Although Sterling's petition alleges section 47.01 is unconstitutionally vague as applied, he does not indicate whether his complaint arises under the United States Constitution, the Texas Constitution, or both, and he does not elaborate on his contention that it is the State's "unreasonable reading" of section 47.01 that renders that section unconstitutionally vague. Mere allegations that a statute is unconstitutional do not entitle a party to an adjudication of the constitutional validity of a statute. *State v. Wofford,* 34 S.W.3d 671, 680 (Tex.App.-Austin 2000, no pet.). Although Sterling insists his challenge is an attack on the constitutionality of section 47.01, his argument is nothing more than a request for an interpretation of section 47.01 and the so-called "sweepstakes law," and a declaration that the use of his machines by the fire departments was not illegal under Penal Code chapter 47. Because this argument does not implicate the constitutionality of section 47.01, the first element of *Morales* has not been satisfied. *Cf. Cornyn v. Akin,* 50 S.W.3d 735, 737-38 (Tex.App.-El Paso 2001, no pet.) (*Morales*

not satisfied because plaintiffs asked only for declaration that their use of eight-liners did not constitute criminal activity); *Warren v. Aldridge,* 992 S.W.2d 689, 691 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (same); *Letson v. Barnes,* 979 S.W.2d 414, 418 (Tex.App.-Amarillo 1998, pet. denied) (same); *see also City of Longview v. Head,* 33 S.W.3d 47, 53 (Tex.App.-Tyler 2000, no pet.) (court had no jurisdiction to consider bare allegation that section 47.01 in its entirety is unconstitutional).

■ Even if Sterling adequately raised a constitutional challenge,[3] he has not satisfied the second requirement of *Morales.* In his pleadings, Sterling asserted the fire departments would lose a revenue stream that provided funds for new equipment; however, the fire departments are not parties to this appeal. As to any harm to his own vested property rights, in his pleadings Sterling contends the "loss of business and goodwill resulting [from] cessation of operations will be difficult if not impossible to determine." On appeal, he contends the seizure of his property has resulted in daily irreparable injury that cannot be addressed through a money judgment due to the State's immunity, and he has been threatened with prosecution. However, Sterling has no constitutionally protected property right to lease gambling devices. *See Roberts v. Gossett,* 88 S.W.2d 507, 509 (Tex.Civ.App.-Amarillo 1935, no writ) (no property right

---

3. It is within the Legislature's power to create and define criminal offenses, unless limited by the Constitution. *See Weyandt v. State,* 35 S.W.3d 144, 154–55 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Owens v. State,* 19 S.W.3d 480, 484 (Tex.App.-Amarillo 2000, no pet.). It is also the Legislature's prerogative to either agree with or repudiate judicial interpretation of a criminal statute. *See Marin v. State,* 891 S.W.2d 267, 271–272 (Tex.Crim. App.1994). We note that four courts of appeals, including this court, have interpreted

section 47.01 as constitutional. *See Legere v. State,* 82 S.W.3d 105, 112 (Tex.App.-San Antonio 2002, pet. ref'd) (holding section 47.01(4) constitutional); *State v. Wofford,* 34 S.W.3d 671, 680–81 (Tex.App.-Austin 2000, no pet.) (holding section 47.01(4)(B) not void for vagueness); *Owens,* 19 S.W.3d at 484 (holding trial court erred in determining section 47.01(4)(B) was unconstitutional); *State v. Hancock,* 35 S.W.3d 199, 200–01 (Tex.App.-Waco 2000, no pet.) (holding section 47.01(4)(B) not unconstitutionally vague).

in "gambling paraphernalia"). Furthermore, the harm inherent in prosecution for a criminal offense does not constitute irreparable harm as required by *Morales. City of Longview,* 33 S.W.3d at 53.

Because Sterling did not satisfy the *Morales* test, the trial court had no jurisdiction to enjoin the SAPD or the Bexar County District Attorney's Office from investigating or prosecuting criminal activity. Finally, because the trial court was without jurisdiction to consider the merits of Sterling's complaint, it properly granted the appellees' motion to quash.

## CONCLUSION

The trial court correctly concluded it lacked jurisdiction to render a declaratory judgment or enjoin enforcement of Penal Code chapter 47; therefore, we affirm the trial court's order granting the pleas to the jurisdiction. However, rather than deny Sterling's application for temporary injunction, the trial court should have dismissed it. *See Warren,* 992 S.W.2d at 691. Accordingly, we vacate the order denying the application for temporary injunction and dismiss the trial court cause for lack of jurisdiction. *See* TEX.R.APP. P. 43.3.