

# NUMBER 13-17-00653-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE CAMERON COUNTY DISTRICT
ATTORNEY IN HIS OFFICIAL
CAPACITY REPRESENTING
THE STATE OF TEXAS,                                          Appellant,

v.

JLM GAMES AND GGL VENDOR
LEASING LLC,                                                  Appellees.

## On appeal from the 357th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Perkes, and Wittig[1]
Memorandum Opinion by Justice Perkes

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

Appellees JLM Games, Inc. and GGL Vendor Leasing, LLC filed a petition for injunctive relief and declaratory judgment against appellant the Cameron County District Attorney, in his official capacity (the State). The trial court denied the State's plea to the jurisdiction. In this interlocutory appeal, the State asserts the trial court erred in denying its plea to the jurisdiction because: (1) the appellees did not attack the constitutionality of chapter 47 of the Texas Penal Code; (2) the appellees lack standing; and (3) the State has immunity. We reverse and remand to the trial court with instructions to dismiss for want of jurisdiction. *See Cornyn v. Akin,* 50 S.W.3d 735 (Tex. App.—El Paso 2001, no pet.).

## I. BACKGROUND

JLM is engaged in the development and ownership of "amusement machines," which the State alleges are eight-liner machines. GGL is engaged in the ownership, leasing, franchising, and operation of amusement facilities in South Texas. Appellees executed a lease agreement in Cameron County in which appellees would operate and utilize their machines. On or about September 15, 2017, the State informed appellants that it would close the facility and seize the machines.

On November 15, 2017, appellees filed their original petition for injunctive relief and declaratory judgment alleging that the State was improperly interpreting § 47.01 of the penal code and attempting to enforce their misinterpretation via criminal prosecution and forfeiture. *See* TEX. PENAL CODE ANN. § 47.01. In their pleadings, appellees sought declaratory judgment to determine whether: (1) the State is applying chapter 47 in a manner which "threatens appellees' vested property and constitutional rights" related to the machines; (2) the State has "engaged in wrongfully oppressive and unconstitutional

2

ultra vires interpretation" of chapter 47; (3) the State has "failed to promulgate, or utilize, any investigative procedures which would allow it to make a *proper determination* as to whether the amusement machine has been properly programmed to operate in compliance" with chapter 47; (4) the State has engaged in seizure and forfeiture actions which violate appellees' constitutional and vested property rights; (5) the State's refusal to determine the legitimacy of the machines is "an extreme unconstitutional application" of chapter 47; (6) the State's actions constitute official oppression in violation of section 39.03 of the penal code; and (7) the State is in violation of section 2.01 of the penal code by "pursuing prosecution and not to see that justice is done." Appellees further sought injunctive relief to "immediately and temporarily restrain" the State from conducting its criminal investigations because it would interfere with appellees' business.[2]

The State filed its original answer, plea to the jurisdiction, special exceptions, and request for disclosure, asserting that the trial court lacked jurisdiction because appellees failed to plead the unconstitutionality of the statute at issue, appellees lacked standing, the issue is not ripe, and the State is entitled to governmental immunity and prosecutorial immunity. The trial court held a hearing on November 29, 2017 and denied the State's plea to the jurisdiction shortly thereafter. This interlocutory appeal followed.[3]

## II.    PLEA TO THE JURISDICTION

By its first issue, the State asserts the trial court erred in denying its plea to the

---

[2] Appellees also initially requested a declaration that the JLM machines were not gambling devices and comported with the legal parameters of chapter 47 of the penal code. Appellees have since conceded that such request was erroneous as a matter of law and withdrew its request on appeal.

[3] The State has the right to an interlocutory appeal of the trial court's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

3

jurisdiction because appellees did not attack the constitutionality of chapter 47, and there is no irreparable injury to vested property rights. We agree.

## A. Standard of Review

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*. The plaintiff has the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, T4 S.W.3d 864, 867 (Tex. 2002). "When deciding a plea to the jurisdiction, the general rule is the trial court must look to the allegations in the petition and must accept those allegations as true. The trial court does not look at the merits of the case." *City of Longview v. Head*, 33 S.W.3d 47, 51 (Tex. App.—Tyler 2000, no pet.)

We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam). We cannot sustain a plea if the pleadings generate a fact question regarding the jurisdictional issue. *Id*. at 927. We consider any evidence submitted by the parties when jurisdictional facts are relevant. *Blue*, 34 S.W.3d at 555. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issues, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. "However, in some cases, disputed evidence of jurisdictional facts that

4

also implicate the merits of the case may require resolution by the finder of fact." *Id*. at 226.

**B.     Applicable Law**

Although "[o]rdinarily, the validity of a penal statute should be determined by courts exercising criminal jurisdiction," *Cornyn*, 50 S.W.3d at 738), a civil court may enjoin enforcement of a penal statute if the complainant alleges "the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights." *State v. Morales*, 869 S.W.2d 941, 945 (Tex. 1994) (emphasis added); *Sterling v. San Antonio Police Dept.*, 94 S.W.3d 790, 794 (Tex. App.—San Antonio 2002, no pet.) (holding that the trial court could not prevent the district attorney's office from investigating and prosecuting criminal offenses under the chapter 47 penal code statute).   If either of the factors is not satisfied, the trial court has no jurisdiction to enjoin the proceeding.   *See Morales*, 869 S.W.3d at 942; *Cornyn*, 50 S.W.3d at 738.

**C.     Discussion**

Our sister court's analysis in *Sterling* is particularly instructive.   *Sterling*, 94 S.W.3d at 794.   The San Antonio Police Department raided Sterling's facilities and seized his eight-liner machines.   *Id*.   In response, Sterling filed an original petition, application for temporary restraining order, permanent injunction, and declaratory judgment, seeking relief on the following grounds:   (1) the use of the eight-liners did not constitute gambling as defined by chapter 47; (2) the use of the eight-liners was legal under chapter 43 of the Texas Business and Commerce Code; and (3) the State's reading of chapter 47 of the penal code renders the statute unconstitutionally vague as applied. *Id*. at 793–94.   In its plea to the jurisdiction, the City of San Antonio asserted the trial

5

court had no jurisdiction to declare a penal statute unconstitutional or to prevent the district attorney's office from investigating and prosecuting criminal offenses under chapter 47 of the penal code. *Id*. at 793. The trial court granted the plea to the jurisdiction, and the Fourth Court of Appeals agreed:

> Although Sterling insists his challenge is an attack on the constitutionality of section 47.01, his argument is nothing more than a request for an interpretation of section 47.01 and the [Business and Commerce Code], and a declaration that the use of his machines . . . was not illegal under Penal Code chapter 47. Because this argument does not implicate the constitutionality of section 47.01, the first element of *Morales* has not been satisfied.
>
> *Id*.

This case is analogous. Appellees filed an original petition, temporary restraining order, temporary injunction, permanent injunction and requested a declaratory judgment. Appellees requested the trial court to enjoin the State from "interpreting, applying, and enforcing" chapter 47 of the penal code in an unconstitutional manner. However, "mere allegations that a statute is unconstitutional do not entitle a party to an adjudication of the constitutional validity of a statute," and appellees themselves concede their pleading falls short of such a claim.[4] *State v. Wofford*, 34 S.W.3d 671, 680 (Tex. App.—Austin 2000, no pet.). Appellees' arguments[5] are but a request for an alternative interpretation of

---

[4] Appellee's petition, in relevant part, reads: "Plaintiffs do not seek a declaration of the unconstitutionality of Texas Penal Code 47.01 *per se*. Rather, Plaintiffs seek a declaration of the invalidity of the actions, policies and procedures undertaken and utilized by the Cameron County District Attorney's Office . . . ."

[5] Appellees additionally requested a determination of whether the State has refused to make a forensic analysis on the "legitimacy" of the JLM machine thereby violating the penal code by pursuing prosecution. However, they cite to no authority requiring the State to conduct a forensic analysis of the JLM machines prior to initiating prosecution.

Moreover, by asking the trial court to immediately and temporarily restrain the State from conducting its criminal investigations, appellees merely sought to control the actions of the State acting within its authority. Such relief, if granted, would preclude the State from conducting criminal investigations

6

chapter 47 and a declaration that use of the eight-liners complies with chapter 47—issues that, alone, do not proffer jurisdiction to the trial court and can be addressed in a criminal proceeding. *See Potter Cty. Attorney's Office v. Stars & Stripes Sweepstakes, L.L.C.*, 121 S.W.3d 460, 469 (Tex. App.—Amarillo 2003, no pet.) (quoting *Letson v. Barnes*, 979 S.W.2d 414, 418 (Tex. App.—Amarillo 1998, pet. denied) (using a *Morales* analysis to hold that "a trial court lack[s] jurisdiction to issue a temporary injunction prohibiting law enforcement officials from pursuing allegedly improper interpretations of gambling statutes by 'seizing, confiscating, forfeiting, or initiating forfeiture proceedings against' the plaintiffs' eight-liner machines.")); *see In re Cornyn*, 27 S.W.3d 327, 337 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (vacating a temporary restraining order and reversing the trial court's denial of the State's plea to its jurisdiction because the restraining order interfered with the "investigation of crime and the enforcement of penal laws" under *Morales*); *Cornyn*, 50 S.W.3d at 738 (reversing the trial court's denial of the State's plea to the jurisdiction pursuant to a *Morales* analysis in a suit challenging the seizure of eight-liners and seeking an injunction restoring possession of them to the plaintiffs); *Warren v. Aldridge*, 992 S.W.2d 689, 693 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that the trial court had no jurisdiction to declare that use of eight-liners does not constitute criminal activity where plaintiff sought an interpretation of chapter 47); *see also Letson*, 979 S.W.2d at 418 (holding that the trial court lacked jurisdiction to enter an injunction, interpret section 47.01, and declare the plaintiff's rights thereunder when plaintiff failed to implicate the unconstitutionality of section 47.01 pursuant to *Morales*); *Letson v. Vanaman*, No. 07-98-0263, 1998 WL 767093, at *3 (Tex. App.—Amarillo 1998) (mem.

or enforcing criminal laws.

7

op.) (reversing the trial court's grant of a temporary injunction from pursuing the forfeiture of eight-liners because plaintiffs failed to plead the first prong of *Morales*). Though appellees asserted numerous allegations in their pleading, we find none implicating the constitutionality of section 47.01.[6] Therefore, the trial court is without jurisdiction to consider the merits of appellees' complaint. *See Sterling*, 94 S.W.3d at 795.

Nonetheless, assuming, without deciding, that appellees had raised a constitutional challenge, they have not satisfied the second requirement of *Morales* because appellees have "no constitutionally protected property right to lease gambling devices," and "[t]he harm inherent in prosecution for an offense does not constitute irreparable harm as contemplated by *Morales*." *Sterling*, 94 S.W.3d at 794; *City of Longview*, 33 S.W.3d at 53; *see also City of Corpus Christi v. Maldonado*, 398 S.W.3d 266, 270 (Tex. App.—Corpus Christi–Edinburg 2011, no pet.) ("Property owners do not have a constitutionally protected, vested right to use property in any certain way, without restriction.").

Our legal precedent is clear: because the statute's constitutionality is not in question, appellee's vested property rights are not in jeopardy and the applicability and validity of the criminal statute in this case can be resolved in a criminal proceeding, a court of equity is without right to intervene. *See Morales*, 869 S.W.2d at 942; *Sterling*, 94 S.W.3d at 794; *see also Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63

---

[6] We note that courts have held that section 47.01(4)(B)—which sets out the exception to the definition of an illegal gambling device that goes to the crux of appellees' case—is constitutional. *See Owens v. State*, 19 S.W.3d 480, 484 (Tex. App.—Amarillo 2000, no pet.). Moreover, other portions of chapter 47 have previously withstood attacks on constitutional grounds. *See State v. Taylor*, 805 S.W.2d 440, 442 (Tex. Crim. App. 1991) (holding that section 47.04(a), offense of keeping a gambling place, is not unconstitutionally vague); *Garrett v. State*, 721 S.W.2d 480, 482 (Tex. App.—Beaumont 1986, no pet.) (holding that section 47.03(a)(1), offense of gambling promotion by operating or participating in the earnings of a gambling place, is not unconstitutionally vague).

(Tex. 1969) ("A person may continue his activities until he is arrested and then procure his release by showing that the law is void.").

Therefore, we conclude that the trial court has no jurisdiction over appellees' suit. *See City of Longview,* 33 S.W.3d at 53 ("To the extent [Plaintiff] has requested relief in the form of a declaration that his machines are not illegal gambling devices, such relief is inappropriate . . . ."). Accordingly, we reverse the trial court's order denying the State's plea to the jurisdiction and remand this cause to the trial court with instructions to dismiss for want of jurisdiction. *See Cornyn*, 50 S.W.3d at 735; *City of Longview*, 33 S.W.3d at 54. We sustain the State's first issue.[7]

### III.   CONCLUSION

We reverse the trial court's judgment and remand to the trial court with instructions consistent with this opinion.

GREGORY T. PERKES<br>
Justice

Dissenting Memorandum Opinion by
Visiting Justice Wittig.

Delivered and filed the
14th day of November, 2019.

---

[7] Because we sustain the State's first issue, we do not need to address the State's remaining issues as they are not dispositive.   *See* TEX. R. APP. P. 47.1.