MEMORANDUM OPINION




No. 04-03-00934-CV



Kurt GARRISON,


Appellant



v.



CITY OF LEON VALLEY, et al.,


Appellees



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CI-12167


Honorable Andy Mireles, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: April 14, 2004


AFFIRMED

 In this interlocutory appeal, Kurt Garrison ("Garrison") challenges the trial court's order
dismissing his application for mandamus, prohibition, and temporary injunction. The trial court's
order was based on its finding that the appellees' plea to the jurisdiction was meritorious. Although
Garrison presents five issues for review, we limit our discussion to the jurisdictional issue presented
to the trial court because the jurisdictional issue is dispositive of this appeal. See Tex. R. App. P.
47.1 (requiring opinions to be brief as practicable in addressing issues necessary to final disposition
of appeal).

 Garrison filed a suit against the appellees for various causes of action relating to actions
allegedly taken in the prosecution of a traffic ticket against him. Garrison subsequently filed an
application for mandamus, prohibition, and temporary injunction (the "Application"). In his
Application, Garrison basically requested that the trial court enjoin or prohibit any further
prosecution or proceedings in the criminal case involving the traffic ticket and any further
proceedings in any other criminal matter that could possibly be brought against him. 

 The appellees filed a plea to the jurisdiction, asserting that the trial court could not grant the
relief sought because it would result in a court with civil jurisdiction interfering with the enforcement
of a penal statute. The trial court granted the plea and dismissed the Application.

 We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of
review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). A civil court has
jurisdiction to enter orders relating to a pending criminal matter in a different court only if the
complainant attacks the constitutionality of the statute being enforced with specificity and urges that
its enforcement would irreparably injure vested property rights. Cornyn v. Akin, 50 S.W.3d 735, 737
(Tex. App.--El Paso 2001, no pet.); see also State v. Morales, 869 S.W.2d 941, 942 (Tex. Crim.
App. 1994). "If either of these requirements are not satisfied, then the trial court has no jurisdiction
to enjoin the proceeding." Cornyn v. Akin, 50 S.W.3d at 737. In other words, if either of the
requirements are not met, a trial court does not have "jurisdiction in a civil suit to enjoin or restrict
the enforcement of, or declare the constitutionality of, a penal statute." In re Cornyn, 27 S.W.3d
327, 337 (Tex. App.--Houston [1st Dist.] 2000, orig. proceeding).

 In his written objection to the City's plea, Garrison states that he "has never plead at any time
an allegation ... that any Texas Statute is unconstitutional." In his reply brief, Garrison reiterates that
he "has not attacked the constitutionality of a Texas statute." For this very reason, the trial court was
without jurisdiction to grant Garrison the relief he sought in his Application. See Morales,, 869
S.W.2d at 942; In re Cornyn, 27 S.W.3d at 337; see also Martinez v. Thaler, 931 S.W.2d 45, 46
(Tex. App.--Houston [14th Dist.] 1996, writ denied) (trial court has mandamus jurisdiction only to
enforce its jurisdiction).

 Accordingly, the trial court's order is affirmed.


 Phylis J. Speedlin, Justice