**George HAIGOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3-90-258-CR.**

Court of Appeals of Texas, Austin.

Aug. 14, 1991.

Discretionary Review Refused Dec. 4, 1991.

J.W. Howeth, Austin, for appellant.

Giselle Horton, Asst. County Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of harassment by telephone. Tex.Pen.Code Ann. § 42.07 (1989). The court assessed punishment at incarceration for two days and a $750 fine.

On the morning of October 26, 1989, appellant called Marsha Haigood, his former wife, at her place of employment and told her that he "knew who Steven in Galveston is." Haigood told appellant she did not know what he was talking about and asked him to stop calling her, then hung up. The phone immediately rang again. This time, appellant told Haigood that he was going to report her to "narcotics agents." Haigood again hung up after repeating her request that appellant stop harassing her. During the next eight minutes, appellant called Marsha Haigood an-

other twenty-six times. On each occurrence, Haigood would hang up as soon as she recognized appellant's voice.

In his only point of error, appellant contends the State failed to prove that the telephone calls were made in Travis County. Appellant concedes that the evidence establishes that the calls were received by Marsha Haigood in Travis County, but urges that there is no evidence that appellant was in Travis County when he placed the calls.

Appellant casts his contention in the form of a challenge to the sufficiency of the evidence to sustain the conviction. The State's reply treats the contention as a challenge to the proof of venue. Tex.Code Cr.P.Ann. arts. 13.17 and 13.18 (1977). The point of error is without merit in either event.

The charge tracked the language of the information. The jury was instructed to convict if it found that appellant "in Travis County ... with intent to harass, annoy, alarm, abuse, torment, or embarrass Marsha Haigood did then and there make repeated telephone communications in a manner reasonably likely to harass, annoy, embarrass and offend the said Marsha Haigood." Tex.Pen.Code Ann. § 42.07(a)(4) (1989). Regardless of where appellant was when he initiated the calls, they did not become "telephone communications" until they were received by Marsha Haigood in Travis County. Thus, in the language of the charge, the telephone communications were made in Travis County. In the language of art. 13.18, the offense was committed in Travis County.

If appellant was in another county when he placed the calls, it may be that the unlawful telephone communications were made or committed in that county as well. We need not decide that question. It is sufficient to hold, as we do, that an unlawful telephone communication under § 42.-07(a)(4) is made or committed in the county in which the communication is received.

The judgment of conviction is affirmed.