COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MARIA CARRILLO,                                            )

                                                                              )             
No.  08-04-00118-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )          
County Criminal Court #2

THE STATE OF TEXAS,                                     )

                                                                              )          
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20030C17953)

                                                                              )

 

 

O
P I N I O N

 

Maria Carrillo
appeals her conviction of harassment.  A
jury found Appellant guilty of harassing Fernando Diaz by making repeated
telephone communications and by threatening to inflict bodily injury on the
victim.  The trial court assessed her
punishment at a fine of $300 and 180 days=
confinement, probated for one year.  We
affirm.

                                                 TERRITORIAL
JURISDICTION

In her sole point
of error, Appellant contends that the evidence is factually insufficient to
prove territorial jurisdiction because the victim, Mr. Diaz, told her that he
was living in Mexico during the time period relevant to this case.  By challenging only the factual sufficiency
of the evidence, Appellant has conceded that the evidence is legally sufficient
to support her conviction.  See Clewis
v. State, 922 S.W.2d 126, 134 (Tex.Crim.App. 1996).








                                                              Standard
of Review

In reviewing
factual sufficiency of the evidence to support a conviction, we are to view all
the evidence in a neutral light, favoring neither party.  Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis, 922 S.W.2d at 129.  The question to be answered is whether the
jury was rationally justified in finding guilt beyond a reasonable doubt.  See Zuniga v. State, 144 S.W.3d 477,
484 (Tex.Crim.App. 2004).  The evidence
may be factually insufficient in two ways: 
(1) when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt; and (2)
there may be both evidence supporting the verdict and evidence contrary to the
verdict.  Id. at 484-85.  Thus, weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met, so the guilty verdict should not stand.  Id. at 485.  This standard acknowledges that evidence of
guilt can Apreponderate@ in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.  Id. 
Stated another way, evidence supporting guilt can Aoutweigh@
the contrary proof and still be factually insufficient under a beyond‑a‑reasonable‑doubt
standard.  Id.

                                                            Territorial
Jurisdiction








Under Section
1.04(a)(1) of the Penal Code, Texas has jurisdiction over an offense that a
person commits by his own conduct or the conduct of another for which he is
criminally responsible if either the conduct or a result that is an element of
the offense occurs inside this state.  Tex.Pen.Code Ann. ' 1.04(a)(1)(Vernon 2003).  The two-paragraph information charged
Appellant with committing harassment under Section 42.07(a)(2) and (4) of the
Penal Code.  Under these two subsections,
a person commits harassment if, with intent to harass, annoy, alarm, abuse,
torment, or embarrass another, she either: 
(1) threatens by telephone, in a manner reasonably likely to alarm the
person receiving the threat, to inflict bodily injury on the person receiving
the call; or (2) makes repeated telephone communications in a manner reasonably
likely to harass, annoy, alarm, abuse, torment, embarrass, or offend the
recipient of the calls.  See Tex.Pen.Code Ann. ' 42.07(a)(2) & (4)(Vernon
2003).  In the context of the harassment
statute, a telephone call does not become a Atelephone
communication@ until
the call is received; therefore, a telephone communication occurs both at the
location of the caller and the recipient. 
See Haigood v. State, 814 S.W.2d 262, 263 (Tex.App.--Austin 1991,
pet. ref=d).  Thus, a Texas court has territorial
jurisdiction over a telephone-harassment case if the caller makes the call from
within this state or the recipient of the call is within this state.  See id.








It is unclear
whether the State must prove territorial jurisdiction beyond a reasonable doubt
or by a preponderance of the evidence.  See
Torres v. State, 141 S.W.3d 645, 654 (Tex.App.--El Paso 2004, pet. ref=d). 
We conclude that the evidence is factually sufficient under either
standard.  Taken in a neutral light, the
evidence at trial showed that Appellant made multiple harassing telephone calls
to Mr. Diaz.  Although Appellant claimed
that she did not know where Mr. Diaz was when he received the calls, he had
told her that he was living in Juarez with his mother.  Appellant introduced her cell phone records
which do not show any telephone calls to Mr. Diaz=s
home phone or cell phone on the date alleged in the information, October 28,
2003.  Mr. Diaz, however, testified that
he lived in El Paso, Texas and he had received the harassing calls on both his
home phone and cellular phone in El Paso. 
Mr. Diaz=s direct
testimony is factually sufficient to prove territorial jurisdiction.  See St. Julian v. State, 132 S.W.3d
512, 515 (Tex.App.--Houston [1st Dist.] 2004, pet. ref=d)(direct
testimony by police officer that offense occurred in Harris County was both
legally and factually sufficient to prove territorial jurisdiction).  The jury was free to reject Appellant=s testimony that Mr. Diaz was living in
Mexico at the time of the offense particularly given that Appellant admitted
she did not know whether Mr. Diaz was in El Paso or Juarez when she called
him.  Further, Appellant=s cell phone records do not exclude the
possibility that she made the harassing calls to Mr. Diaz from another
telephone.  The contrary evidence does
not outweigh Mr. Diaz=s
testimony that he received the harassing calls in El Paso.  We conclude the evidence is factually
sufficient to prove that the trial court had territorial jurisdiction over the
offense.[1]  Appellant=s
sole point of error is overruled and the judgment of the trial court is
affirmed.

 

 

August
18, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Because the evidence is factually sufficient to prove that Mr. Diaz received
the telephone communications in El Paso, we need not consider whether it is
also factually sufficient to prove that Appellant was in El Paso when she made
the harassing telephone calls.