Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



THE STATE OF TEXAS,

                            Appellant,

v.

IGNACIO SERGIO ACOSTA,

                            Appellee.

§

§

§

§

§

No. 08-04-00312-CR

Appeal from the

County Criminal Court No. 1

of El Paso County, Texas

(TC# 20030C17899)




O P I N I O N

           Appellee was charged by information with the offense of promotion of an obscene 

device. This is a State’s appeal from the trial court’s order dismissing the complaint.
I. SUMMARY OF THE EVIDENCE
           On September 15, 2003, two undercover officers, a male and a female, entered the
Trixx Adult Bookstore. Various sexual devices were on sale in the store. The officers saw
a crystal cock vibrator displayed behind the store counter. They questioned the Appellee, a
store employee, with regard to the possible uses of the device. He showed them the device
and stated that the device would arose and gratify the female undercover officer in that it
would give her an orgasm. The officers purchased the device. Ten days later Appellee was
arrested for violating Tex. Penal Code Ann. § 43.23(c)(1) (Vernon Supp. 2004-05) which
proscribes an individual from promoting an obscene device.
           On October 11, 2004, a hearing was held on Appellee’s motion to dismiss the
complaint. The parties respective arguments centered around whether the statute in question
was unconstitutional because it prevents individuals from using dildo type devices in
violation of the right to sexual privacy. The court granted the motion to dismiss the
complaint on the ground the statute was unconstitutional.
II. DISCUSSION
           In Issue Nos. One and Two, Appellant contends that the right to privacy is not
fundamental, and the right to privacy does not guarantee a fundamental right to sexual
privacy or a right to use, sell, or purchase obscene devices outside the home. Secondly,
Appellant asserts that the statute proscribing the promotion bears a rational relationship to
a legitimate government interest such that it survives judicial scrutiny. The applicable
statute, Tex. Penal Code Ann. § 43.23(c)(1) (Vernon Supp. 2004-05), provides:
(c) A person commits an offense if, knowing its content and character,
he:
(1) promotes or possesses with intent to promote any obscene
material or obscene device . . . .

           “Obscene device” is defined in Tex. Penal Code Ann. § 43.21(a)(7) (Vernon 2003)
as:
“Obscene device” means a device including a dildo or artificial vagina,
designed or marketed as useful primarily for the stimulation of human genital
organs.

           “Promote” is defined in Tex. Penal Code Ann. § 43.21(a)(5) (Vernon 2003) as:
 
“Promote” means to manufacture, issue, sell, give, provide, lend, mail, deliver,
transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit,
or advertise, or to offer or agree to do the same.

           When determining the constitutionality of a criminal statute, the reviewing court will
review the holding of the trial court de novo without reverence to the ruling of the trial court.
Owens v. State,19 S.W.3d 480, 483 (Tex. App.--Amarillo 2000, no pet.). The statute at issue
is presumed to be valid and all doubts are to be resolved in favor of the statute’s
constitutionality. Id.
           There is a recognized and constitutionally protected zone of privacy under both the
United States and Texas constitutions. Carey v. Population Serv. Int’l, 431 U.S. 678, 685,
97 S.Ct. 2010, 2016, 52 L.Ed.2d 675 (1977), Griswold v. Connecticut, 381 U.S. 479, 484-86,
85 S.Ct. 1678, 1681-83, 14 L.Ed.2d 510 (1965), and Texas State Employees Union v. Texas
Dept. of Mental Health and Mental Retardation, 746 S.W.2d 203, 205 (Tex. 1987). The
Supreme Court of the United States has held that the only personal rights that can be deemed
“fundamental” or “implicit in the concept of ordered liberty” are included in the guarantee
of personal privacy. Roe v. Wade, 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147
(1973). The right to privacy protects activities relating to marriage, procreation,
contraception, motherhood, family relationships, and child rearing and education. Paris
Adult Theatre I v. Slaton, 413 U.S. 49, 65, 93 S.Ct. 2628, 2639, 37 L.Ed.2d 446 (1973); Roe,
410 U.S. at 152-53, 93 S.Ct. at 726. Appellant argues the statute prohibiting the sale of
obscene devices does not unconstitutionally infringe on privacy.
           In Yorko v. State, 690 S.W.2d 260, 261-62 (Tex. Crim. App. 1985), the court reviewed
the facial constitutionality of the statute prohibiting promotion of obscene devices. The court
did not find “in the language of the Constitution or in the principles of the Supreme Court
cases” any fundamental right to use obscene devices. Id. at 265. The court added that if such
a right exists, its exercise is protected by Stanley v. Georgia, 394 U.S. 557, 568, 89 S.Ct.
1243, 1249, 22 L.Ed.2d 542 (1969) (holding “the First and Fourteenth Amendments prohibit
making mere private possession of obscene material a crime”). Analogizing to cases limiting
Stanley and upholding the denial of access to obscene material outside the home, the Yorko
court held that the State may criminalize promotion and sale of obscene devices. Yorko, 690
S.W.2d at 265-66. The court’s holding followed cases such as United States v. 12 200-Foot
Reels of Super 8mm. Film, 413 U.S. 123, 128, 93 S.Ct. 2665, 2669, 37 L.Ed.2d 500 (1973),
which held that “the protected right to possess obscene material in the privacy of one’s home
does not give rise to a correlative right to have someone sell or give it to others.” Thus, the
courts distinguish between mere possession of obscene devices and their sale.
           Appellee argues that if there is a constitutional right to sell contraceptives, there must
be a constitutional right to sell dildos. See Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029,
31 L.Ed.2d 349 (1972) (recognizing a constitutional right to sell contraceptives). The Court
of Criminal Appeals has distinguished between contraceptives and obscene devices, rejecting
Appellee’s argument. Yorko, 690 S.W.2d at 266. Statutes restricting promotion or sale of
contraceptives infringe on a recognized fundamental right, namely, the decision to bear a
child. Id. at 265-66. In Yorko, the court found no fundamental right to stimulate human
genital organs with an obscene device; therefore, restricting the promotion of such devices
does not infringe on any recognized fundamental right. Id. at 263-65. Thus, the court
concluded that the statute did not violate a right of privacy afforded protection under the
United States or Texas constitutions. Id. at 266.
           Appellee further asserts that one’s right to engage in sexual behavior privately at home
is infringed upon by the statute. We disagree. First, the right to use obscene devices is not
prohibited by the statute, and the prohibition against promotion has been held not to infringe
on any right that might exist to use obscene devices at home. Yorko, 690 S.W.2d at 265-66.
 Second, the Supreme Court expressly noted that it has never held that a fundamental right
to sexual privacy exists under the constitution. Carey, 431 U.S. at 695, 97 S.Ct. at 2021 n.17.
Likewise, the majority in Yorko did not recognize sexual privacy as a fundamental right. See
Yorko, 690 S.W.2d at 267.
           However, Appellee urges that society’s perception of and attitudes toward sexuality
have become more tolerant, the liberties guaranteed by substantive due process have moved
out of the marital bedroom and into the public sphere of commercial interactions and private
interactions between consenting adults. In this light, Appellee asserts that the United States
Supreme Court case of Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508
(2003) undermines the Texas Court of Criminal Appeals holding in Yorko. In Lawrence, the
Supreme Court decided if sex between two members of the same sex can be denied by law
when practiced in the privacy of their apartment. See Lawrence, 539 U.S. at 564, 123 S.Ct.
at 2476. While the Supreme Court struck down the sodomy law in Texas, we note the
Supreme Court specifically excluded from its analysis any aspect of public conduct or
prostitution. Id. at 577, 123 S.Ct. at 2483; rather, the holding applied to private sexual
conduct. Id. at 578, 123 S.Ct. at 2484. Therefore, we do not perceive that the Lawrence
holding that the Texas sodomy statute furthered no legitimate interest implies that
commercial promotion of sexual devices is constitutionally sanctioned.
           If legislation interferes with the exercise of a fundamental right, the act is subject to
strict scrutiny. Roe v. Wade, 410 U.S. 113, 155, 93 S.Ct. 705, 728, 35 L.Ed.2d 147 (1973). 
If the legislation does not burden a fundamental right, then the act faces only minimal
scrutiny, namely, the rational basis standard. Washington v. Glucksberg, 521 U.S. 702, 728,
117 S.Ct. 2258, 2271-72, 138 L.Ed.2d 772 (1997). It is appropriate for the State to act to
protect the social interest or order, morality, and decency by restraining commercial dealing
in non-communicative objects designed or marketed for use primarily for the stimulation of
human genital organs. Yorko, 690 S.W.2d at 265. Accordingly, we sustain Issue Nos. One
and Two, and we find that the court erred in granting Appellee’s motion to dismiss the
complaint.



           We reverse the court’s order dismissing the complaint and remand the cause for
further proceedings not inconsistent with this opinion.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 31, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)