# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00128-CR

**William Mear, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY,
### NO. 43,848, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted William Mear of harassment by telephone. *See* Tex. Penal Code Ann. § 42.07(a)(4) (West 2003). On appeal, Mear argues that the harassment statute is unconstitutionally vague and overbroad. He also argues that the evidence adduced at trial was legally insufficient to establish venue in Bastrop County. Finally, because his trial counsel made neither of these arguments in the trial court, he argues that he received ineffective assistance of counsel. We affirm the conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

The jury heard evidence that on the morning of September 1, 2007, Mear met his ex-wife, Rita Lopes, in Bastrop County to pick up his children for a weekend visitation. Mear resided in Lakeway, Texas at the time. After the exchange, Lopes left Bastrop County and went to Houston for the weekend. Mear and his children also left Bastrop County.

After leaving Bastrop County, Mear began experiencing health problems that eventually led to his admission to a hospital. Mear doubted that he could care for his children in such a state, so he telephoned Lopes to see if she would pick up the children. Lopes testified that she spoke with Mear four or five times en route to Houston and told him to ask members of his family to care for the children. Lopes testified that because Mear would not stop calling her, she eventually turned off her phone for "about a day and a half."

Lopes testified that when she turned her phone back on, which she did while she was still in Houston, she had twenty or more voice mail messages from Mear in which Mear screamed vulgarities at her. Lopes also testified that after she returned to Bastrop, she received two more phone calls from Mear in which he called her a "bitch" and told her to "die." At that point she contacted the Bastrop County Sheriff's Office and gave it access to her voice mails.

The State charged Mear with misdemeanor harassment by telephone. *See id*. Specifically, the charging instrument alleged that

> on or about the 3rd day of September, 2007 . . . , in the County of Bastrop and State of Texas, William Mear, did then and there with intent to harass, annoy, alarm, abuse, torment or embarrass RITA LOPES, make repeated telephone communications to RITA LOPES in a manner reasonably likely to HARASS OR ANNOY OR ALARM OR ABUSE OR TORMENT OR EMBARRASS OR OFFEND the said RITA LOPES, to wit: CALLING RITA LOPES' CELL PHONE REPEATEDLY AND LEAVING MESSAGES IN LANGUAGE THAT WAS ABUSIVE AND OFFENSIVE.

Mear pleaded not guilty and elected to be tried by a jury. The jury found him guilty, and the court assessed punishment at 180 days in jail. It suspended the sentence and placed Mear on community supervision for one year. Mear appeals.

## STANDARD OF REVIEW

We review de novo a claim that a criminal statute is unconstitutional. *Render v. State*, 316 S.W.3d 846, 856 (Tex. App.—Dallas 2010, pet. ref'd); *Owens v. State*, 19 S.W.3d 480, 483 (Tex. App.—Amarillo 2000, no pet.). We presume criminal statutes are constitutional and resolve doubts about their constitutionality in favor of finding them constitutional. *Owens*, 19 S.W.3d at 483. The burden of proving a statute unconstitutional rests on the challenging party. *Render*, 316 S.W.3d at 856.

When reviewing the sufficiency of the evidence to establish venue, we determine whether the trier of fact could reasonably conclude from the evidence that the offense was committed in the county alleged. *Thierry v. State*, 288 S.W.3d 80, 91 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Venue need only be established by a preponderance of the evidence. Tex Code Crim. Proc. Ann. art. 13.17 (West 2005). If venue was not disputed in the trial court, we must presume that it was proved unless the record affirmatively shows that it was not. Tex. R. App. P. 44.2(c)(1).

Claims of ineffective assistance of counsel are governed by the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (holding that *Strickland* standard applies in noncapital sentencing proceedings). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome. *See Strickland*, 466 U.S. at 687-88. Counsel's performance is deficient if it falls below a reasonable standard of professional norms. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App.

3

2009).  Such a performance prejudices the defense if there is a reasonable probability that, but for counsel's substandard performance, the trial's result would have been different.  *Id*.  The defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence, and allegations of ineffective assistance of counsel will only be sustained if they are firmly founded in the record.  *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995).  Courts are to apply "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," and we consider the totality of counsel's representation and the circumstances of the case.  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  In determining the validity of a defendant's claim of ineffective assistance of counsel, our judicial review must be "highly deferential to trial counsel and avoid the deleterious effects of hindsight."  *Id*.

## DISCUSSION

Mear raises three issues.  We address them in turn.

### *Constitutionality of the Harassment Statute, Texas Penal Code Section 42.07*

Texas Penal Code section 42.07 provides in pertinent part:

(a)  A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

. . . .

(4)  causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;

. . . .

4

(7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

(b) In this section:

(1) "Electronic communication" means a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system.

Tex. Penal Code Ann. §§ 42.07(a)(4), (7), (b)(1) (West 2003). Mear argues that subsections (a)(4) and (a)(7) are unconstitutionally "void for vagueness on their face." He argues that it is not clear what conduct is proscribed by certain language in the statute, specifically the term "repeated" and the phrase "in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another."[1]

The court of criminal appeals recently considered this very argument and held that the statute is not unconstitutionally vague on its face. *See Scott v. State*, 322 S.W.3d 662, 664 (Tex. Crim. App. 2010). Thus, for an appellant to successfully argue that the statute is unconstitutionally vague, he must argue that the statute is vague *as applied to his specific conduct*. *Id*. at 670-71. Mear does not make that argument, so we overrule his first issue.

---

[1] Mear seems to argue that he was convicted under both subsections (a)(4) (because he allegedly harassed Lopes by phone) and (a)(7) (because he allegedly left Lopes harassing voice mails that qualified as "electronic communications"). The court of criminal appeals has held, however, that voice mails are not "electronic communications" under subsection (a)(7) and that consequently harassing voice mails are prosecuted only under subsection (a)(4). *See Scott v. State*, 322 S.W.3d 662, 668 (Tex. Crim. App. 2010). Thus, we consider Mear's claim that subsection (a)(4) is unconstitutional but disregard his claim that subsection (a)(7) is unconstitutional. *See id*. (in case involving harassing voice mails, appellate court should have addressed constitutionality of subsection (a)(4) only).

*Venue*

Next, Mear argues that venue did not lie in Bastrop County because Mear made and Lopes received the allegedly harassing phone calls outside of Bastrop County. Mear concedes that he did not raise this issue in the trial court. Thus, we must presume that venue was proper in Bastrop County unless the record affirmatively shows that it was not. *See* Tex. R. App. P. 44.2(c)(1).

Generally speaking, venue is proper in the county where an offense is committed. *See* Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005). An offense under the telephonic-harassment statute is "committed" in the county where the offending communication is received. *Haigood v. State*, 814 S.W.2d 262, 263 (Tex. App.—Austin 1991, pet. ref'd). Although Lopes testified that she initially received many of Mear's harassing voice mails while she was outside of Bastrop County, she also testified that she received two harassing telephone calls from Mear after she had reentered Bastrop County. Furthermore, the evidence showed that Mear left at least some of the voice mails near the end of the weekend, when Lopes's testimony suggests that she may have already returned to Bastrop County. Thus, the record does not affirmatively show that venue was improper in Bastrop County. *See* Tex. R. App. P. 44.2(c)(1). We overrule Mear's second issue.

*Ineffective Assistance of Counsel*

Finally, Mear argues that his trial counsel was ineffective because she did not raise either of Mear's appellate issues in the trial court. Having already determined that there is no merit to Mear's issue regarding the constitutionality of the telephonic-harassment statute, it follows that Mear's trial counsel was not ineffective for failing to raise the issue. *See Smith*, 286 S.W.3d at 340.

6

Regarding Mear's venue issue, there was some evidence from which the jury could reasonably conclude that Lopes received the offending communications in Bastrop County. *See Thierry*, 288 S.W.3d at 91. Specifically, as noted above, the evidence suggested that Lopes received two harassing telephone calls from Mear after she had reentered Bastrop County and that Mear left at least some of the voice mails near the end of the weekend, when Lopes may have already returned to Bastrop County. Because this evidence provided a reasonable basis for the jury to conclude that Lopes received the offending communications in Bastrop County, and bearing in mind that venue need only be proved by a preponderance of the evidence, Tex. Code Crim. Proc. art. 13.17, it follows that Mear's trial counsel was not ineffective for failing to contest venue. *See Smith*, 286 S.W.3d at 340. We overrule Mear's third issue.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed: May 20, 2011

Do Not Publish

7